FILED
2009 Oct-09  AM 11:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| KEVIN JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| vs. | ) | |
| | ) | |
| JACK HENRY & ASSOCIATES, INC., | ) | |
| | ) | |
| Defendant. | | |

## COMPLAINT

## I. JURISDICTION

1. This is a suit for relief from race discrimination and retaliation instituted pursuant to 42 U.S.C. §1981, as amended. The jurisdiction of this Court is based on 28 U.S.C. §1331.

## II. PARTIES

2. Plaintiff Kevin Johnson ("Plaintiff") is a citizen of the United States over the age of nineteen and a resident of Tuscaloosa County, Alabama.

3. Defendant Jack Henry & Associates, Inc. ("Defendant") is a Delaware corporation and owned and operated a branch in Birmingham, Jefferson County, Alabama during all times pertinent to this complaint.

## III. BACKGROUND

4. Plaintiff is African-American.

5. Defendant provides computer hardware and software to banks and credit unions nationwide.

6. Plaintiff was hired by Defendant in 2002 and last employed as a Banking Consultant in its Birmingham office.

7. On or about August 16, 2007, Plaintiff learned that the position of Operations Manager for the Birmingham office was coming open.

8. The position would have been a promotion for Plaintiff.

9. Defendant's policy provided that such positions were to be posted so that current employees would be apprised of the opening.

10. Plaintiff waited for the position to be posted to apply for it.

11. However, the position was not posted.

12. Plaintiff was therefore not given an opportunity to apply.

13. On October 9, 2007, Plaintiff learned that Ken Netherton, Caucasian, received the promotion.

14. Netherton had been the Installation Manager in the Birmingham office.

15. Plaintiff was qualified for the Operations Manager position.

16. Plaintiff was at least as equally, if not more, qualified than Netherton for the position.

17. Plaintiff has a Masters Degree in Banking and had previously worked at the Federal Reserve Bank branch in Birmingham, where he was last Financial Services Director

supervising approximately 50 employees and managing an operational budget of about $10,000,000.

18. Netherton had no college degree and had supervised approximately five people.

19. Plaintiff asked Mike Gollhofer, who is based in Monett, Missouri and is over the Birmingham branch, why Netherton was selected.

20. Gollfer stated that Netherton had "JHA specific" experience in budgeting and management and was "popular" with the employees.

21. The asserted reason was pretextual.

22. Plaintiff filed a complaint with Defendant's Office of Employee Rights on October 26, 2007, stating that he had been passed over for the position because of his race.

23. Plaintiff's complaint was not handled as he had seen others' complaints handled.

24. No one in Employee Relations above the base level was involved.

25. A co-worker of Plaintiff's had made a complaint (not about race discrimination), and the matter went up to the level of the General Manager.

26. The employee assigned to Plaintiff's complaint, Joyce McGee, called Plaintiff on November 15, 2007 and told him that she had talked to people involved and that there were no grounds for his complaint because Netherton was the "best person" for the job.

27. Plaintiff asked McGee to provide him with her findings in writing and she refused.

28.  On October 29, 2007, Plaintiff inquired about a management position that was coming open in a reorganization of the Imaging Solutions Department.

29.  Plaintiff was qualified for the position.

30.  The position would have been a promotion for Plaintiff.

31.  Chuck Hendrickson, over the Department, emailed Plaintiff on November 1, 2007, saying that he wanted to meet with Plaintiff to discuss the position after the reorganization plan was developed.

32.  Plaintiff never heard back from Hendrickson.

33.  The reorganization was announced December 14, 2007, and all positions were filled with Caucasians.

34.  On November 28, 2007, Plaintiff applied for the position of Operations Manager for the Enterprise Payment Solutions Department in Allen, Texas.

35.  Plaintiff was qualified for the position.

36.  The position would have been a promotion for Plaintiff.

37.  Plaintiff was granted an interview and told that he would be contacted again by the hiring manager or Human Resources about the position.

38.  Plaintiff never heard back from anyone.

39.  A Caucasian person was newly hired into the position on or about December 10.

40.  Plaintiff was at least as equally, if not more, qualified than the person placed in the position.

4

41. Defendant has approximately 3,752 employees, including several hundred in management positions.

42. At the time of the employment actions set forth above, Defendant had only seven black managers and six black supervisors.

43. Of the African-Americans who were in management positions, none were in executive, senior, or middle level positions; they were all in the lower levels of management.

## IV. CAUSES OF ACTION

### COUNT I

### 42 U.S.C. §1981

44. Paragraphs 1-43 above are incorporated by reference.

45. Defendant passed Plaintiff over for promotions as set forth above because of his race and/or in retaliation for his having opposed unlawful discrimination, in violation of §1981.

46. As a result, Plaintiff has been made to suffer lost wages and other benefits, as well as mental anguish and emotional distress.

**WHEREFORE, these premises considered**, Plaintiff respectfully requests the following:

(i) That the Court issue an Order declaring that Defendant's actions described above violated §1981;

(ii)  That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant from further violating §1981;

(iii)  That the Court enter an Order requiring Defendant to make Plaintiff whole by placing him in the position he would have occupied in the absence of discrimination (or front-pay), providing back-pay and restoration of lost benefits with interest, and ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iv)  That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees and expenses.

Respectfully submitted,

Adam M. Porter
Attorney for Plaintiff
Alabama Bar ID: ASB-2472-P75A
2301 Morris Avenue, Suite 102
Birmingham, Alabama 35203
Phone: (205) 322-8999
Facsimile: (205) 322-8915
Email: adamporter@earthlink.net

Plaintiff requests trial by struck jury.

Attorney for Plaintiff

6

<u>Defendant's Address</u>:
Jack Henry & Associates, Inc.
c/o LexisNexis Document Solutions, Inc., Registered Agent
150 S. Perry St.
Montgomery, AL 36104