FILED

2011 Feb-25  PM 04:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| KEVIN JOHNSON, on behalf of himself and others similarly situated, PLAINTIFF, | ) ) ) | |
| | ) | CIVIL ACTION NO.: |
| V. | ) | CV- 09-JEO-2023-S |
| | ) | |
| JACK HENRY & ASSOCIATES, INC., DEFENDANT. | ) ) ) | JURY DEMAND |
| | ) | |

## MOTION TO COMPEL

Comes now the Plaintiff, Kevin Johnson, and respectfully requests that this Honorable Court enter an Order compelling Defendant to produce documents and provide complete interrogatory responses to Plaintiff's First Interrogatories and Requests for Production (Exhibit A). As grounds for this Motion to Compel, Plaintiff states the following:

### I.     Introduction

This is a complex class action. Plaintiff's discovery requests were sent more than four months ago; however, to date Plaintiff has received only 409 pieces of paper accompanied by a plethora of objections with little basis in the law. (By

contrast, the EEOC's investigative file in this case runs to 1212 pages).   The disclosed material consists primarily of Plaintiff's personnel file, a series of job descriptions, and some publically available documents; most of these documents had been previously provided to the EEOC and were contained in the EEOC file. Defendant has provided none of the electronic discovery requested by Plaintiff, nor even the information it has pledged to provide in response to those portions of Plaintiff's interrogatories to which it did not object.   Defendant has pledged to produce numerous documents in a supplemental production, but Defendant has neither produced these materials nor indicated a firm date by which it will do so.

Even the scant publically available materials provided by Defendant show that Defendant's liability in this case is clear.   Defendant's most recent EEO-1 report shows that out of 2443 "professionals," only 45 are African American.   At the next level, out of 614 "first/mid-level officials and managers," only 3 are black. Defendant has not a single African Americans among the 20 "Executive/Senior Level Officials and Managers."    (Exhibit B, 2010 EEO-1, JHA 000286).   Given the clear disproportionate lack of African-Americans in the upper part of Jack Henry's corporate hierarchy, Plaintiff anticipates that the withheld documents will be extremely helpful in proving both his class and individual claims, and Plaintiff cannot afford to keep waiting month after month for Defendant to do what it says it will do.

Moreover, Defendant has refused to alter its position on objections which it claims justify non-production of documents and information clearly relevant to Plaintiff's claims. Defendant has repeatedly insisted that it may give ground if Plaintiff will only provide more authority to overcome its objections, and that it needs an unspecified further amount of time to gather responsive documents; however, this insistence is a stalling tactic, given the clear relevance of the requested information and the fact that the discovery requests in this case were sent over four months ago.

## II.    Summary of Case

Kevin Johnson filed his initial EEOC charge alleging class-wide discrimination on January 9, 2008. (Exhibit C). He brings this action on behalf of himself and all other African-Americans similarly situated to him, in order to redress discrimination in employment on the basis of race. Specifically, the named Plaintiff seeks a declaratory judgment that the Defendant has (1) engaged in a systemic pattern or practice of disparate treatment against African-Americans with respect to its selection opportunities for higher level and better paying management, professional, and technical jobs; and (2) that the Defendant's selection policies, practices, and procedures, which allow white managers and supervisors to decide whether to post these jobs for bid and to use subjective criteria for selecting the individuals to be awarded these jobs, has a disparate impact on African-American employees of the

Defendant. Such conduct is unlawful under 42 U.S.C. Sections 1981 and 1981(A) and Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. Section 2000(e), et seq. (hereinafter "Title VII"). The Plaintiff further seeks a permanent injunction and other equitable relief necessary to eliminate the effects of the Defendant's past and present racial discrimination and to prevent such discrimination from continuing to adversely affect the lives and careers of the putative class members in the future, including but not limited to, affirmative restructuring of the Defendant's selection and compensation policies, practices, and procedures; implementation of equitable relief, including declaratory and injunctive relief; reimbursement of expenses incurred in this case; and attorneys' fees. The Plaintiff finally seeks back pay and other equitable remedies necessary to make him and the members of the putative class whole.

## III.   Detailed Certification that Plaintiff Has Attempted to Resolve Discovery Disputes Before Involving this Court.

Prior to filing this motion, Plaintiff's counsel conferred in good faith with Defendant's counsel in attempts to obtain the outstanding discovery without seeking court action.[1] The parties amicably discussed their respective positions via e-mail,

---

[1]   A brief summary of the parties' attempts to resolve this discovery dispute before involving this Court is set forth below:

A.   On October 13, 2010, Plaintiff propounded his First Interrogatories and Requests for Production. (Exhibit A).

B.   On December 7, 2010, Defendant provided responses to Plaintiff's Interrogatories and Requests for Production.  The letter accompanying this production stated that "[w]e are still in the process of gathering/labeling other documents responsive to these requests and will be

letters, in person and by telephone.  However, no  agreement could be reached, and

Defense counsel failed to respond to many of Plaintiff's numerous concerns.

---

providing them to you as soon as they are ready."  However, to date no documents have been provided other than those accompanying Defense Counsel's letter, Bates Nos. 116 to 409. (Exhibits D, E).

C.     Plaintiff's counsel sent a letter to counsel for Defendants on December 13, 2010, seeking to resolve Defendant's objections and obtain complete discovery responses.

D.     On December 15, 2010, Counsel for Defendant and Plaintiff conferred in a telephone conversation regarding Defendant's objections to Plaintiff's discovery requests. Following this conversation, Plaintiff's counsel sent an email to Defense Counsel stating "Thanks for your call this afternoon.  You indicated that you would be able to provide us with a response to our letter regarding outstanding discovery issues by next Wednesday, December 22.  It is my understanding that you need time to consult with your clients regarding the issues raised in our letter.  I look forward to hearing from you and receiving more complete substantive responses by next Wednesday."

E.     In response to this email, Defense Counsel replied "I appreciate your e-mail but wanted to clarify that we discussed my getting back to you by next Wednesday regarding what I thought the issues were going to be verses [sic] what I thought we could resolve.  I did not agree to provide you with supplemental responses by that time.

F.     Defense counsel failed to follow up with Plaintiff's counsel as promised; nor has Defense counsel provided a written response to the numerous issues raised in Plaintiff's December 13, 2010 letter.  On February 22, 2011, Plaintiff's counsel sent an email to defense counsel stating in part, "please let me know if you continue to maintain that Defendant will not provide discovery outside of the period of two years prior to Mr. Johnson's complaint, or if you have reconsidered your position."

G.     Plaintiff's counsel sent a second email to defense counsel on February 22, 2011 stating "The letter accompanying your December 7, 2010 discovery responses states that 'We are still in the process of gathering/labeling other documents responsive to these requests and will be providing them to you as soon as they are ready.'  To date, we have not received any documents other than the ones produced with this letter, Bates Nos. 116 to 409.  Please let me know when you plan to produce the additional documents."

H.     Counsel for the Defendant replied on February 24, 2011, and reiterated Defendant's arguments for not producing discovery beyond a two year period.  Counsel's email stated, "Finally, we are not taking the position that all discovery is limited to this time frame and recognize that in theory there might be relevant evidence outside of this period.  However, your discovery requests by in large seek data and documentation related specifically to a list of promotions/decision-makers/etc. and we believe that such information would not be relevant to what your client has to prove, i.e., that discrimination was occurring during the relevant period."

## IV.   STANDARD FOR DISCOVERY

The Federal Rules of Civil Procedure allow for liberal discovery.  Pursuant to

Federal Rule of Civil Procedure 26(b)(1), parties may discover:

> any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter.  The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

The scope of discovery is not limited to issues raised in the pleadings, "for

discovery itself is designed to help define and clarify the issues."  *Lyoch v.*

*Anheuser-Busch Co.*, 1995 U.S.Dist. LEXIS 16686, *1 (E.D.Mo. 1995)(quoting

*Flanagan v. Travelers Ins.Co*., 111 F.R.D. 42, 45 (W.D.N.Y. 1986)).

The liberal standards governing discovery in Title VII cases are also well

established.  In *Wards Cove Packing Company v. Atonio*, 490 U.S. 642, 657 (1989),

the Supreme Court held that a plaintiff in a Title VII lawsuit may employ "liberal civil

discovery rules" to obtain "broad access to employer's records."  See also *Ross v.*

*Buckeye Cellulose Corp*., 980 F.2d 648, 660 n.19 (11th Cir. 1993); *Sweat v. Miller*

*Brewing Co.*, 708 F.2d 655, 648 (11th Cir. 1983) ("We note that liberal discovery

rules are applied in Title VII litigation"); *Burns v. Thiokol Chemical*, 483 F.2d 300

(5th Cir. 1973); *Finch v. Hercules, Inc*., 149 F.R.D. 60, 62 (D.Del. 1993) ("The necessity for liberal discovery to clarify the complex issues encountered in litigation seeking to redress employment discrimination has been widely recognized."); Roger v. Electronic Data Systems, 155 F.R.D. 537, 539 (E.D.N.C. 1994) ("Imposition of unnecessary discovery limitations to be avoided in discrimination cases."); *Serina v. Albertson's Inc*., 128 F.R.D. 290 (M.D.Fla. 1989); *Haykel v. G.F.I. Furniture Leasing Co.*, 76 F.R.D. 386 (N.D.Ga. 1976).  The plaintiff in an employment discrimination action must be afforded access to information that might assist her in establishing that the alleged discrimination occurred.  Of relevance to many of the issues before this Court is *Barfoot v. The Boeing Company*, 184 F.R.D. 642, 643 (N.D. Ala.  1999), where the Court granted the plaintiff's Motion To Compel numerous personnel files and other documents. In *Barfoot*, the court recognized documents such as personnel files, other EEOC complaints, lawsuits, and charges, that are in the exclusive control and possession of the employer, are necessarily discoverable by the Plaintiff in employment cases.

## V.    Threshold Issue of Temporal Scope of Plaintiff's Requests

Plaintiff filed his charge of discrimination on January 9, 2008.  As a threshold issue applying to all of Plaintiff's discovery requests, Defendant has indicated that it will limit its responses to the time period of July 15, 2007 to October 9, 2009.

However, discovery is not limited to the statutory time period encompassing Plaintiff's claims. Though beyond the relevant statute of limitations, events occurring prior to the statutory period may nonetheless provide information which itself constitutes admissible evidence or is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Likewise, Rule 26's broad policy allowing discovery of information "reasonably calculated to lead to the discovery of admissible evidence" means that Plaintiff's discovery requests may properly seek information relating to events that occurred after the filing of Mr. Johnson's Charge of Discrimination up to the present day.

As justification for withholding this discovery, Defendant argued in its discovery responses that "...because plaintiff's claims relate to promotions constituting a new contractual relationship, the statute of limitations for his Section 1981 claims is two (2) years prior to the filing of his judicial complaint on October 9,2009. Consequently, any information sought outside of the July 15, 2007 to the October 9, 2009 time frame is immaterial to plaintiff's claims." (Exhibit D at 2). Plaintiff thus anticipates that Defendant will argue 1) that discovery should be limited to the statute of limitations period; and 2) that the relevant statute of limitations on Plaintiff's Section 1981 claims is 2 years. Each of these arguments lacks support, as shown below.

A.    <u>Discovery is not Limited to the Statutory Time Period Encompassing Plaintiff's Claims</u>

As Plaintiff's counsel stated in the December 13, 2010 letter to defense counsel, discovery is not limited to the statutory time period encompassing Plaintiff's claims.   Though beyond the relevant statute of limitations, events occurring immediately prior to the statutory period may nonetheless provide information which itself constitutes admissible evidence or is "reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  Likewise, Rule 26's broad policy allowing discovery of information "reasonably calculated to lead to the discovery of admissible evidence" means that Plaintiff's discovery requests may properly seek information relating to events that occurred after the filing of Mr. Johnson's Charge of Discrimination up to the present day.

The Supreme Court and the Eleventh Circuit have repeatedly held that evidence should not be limited to the limitations period. *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) ("Nor does the statute bar an employee from using the [time-barred] acts as background evidence to support a timely claim."); *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558 (1977) (time-barred acts "may constitute relevant background evidence in a proceeding in which the status of a

current practice is at issue"); *Burton v. City of Belle Glade*, 178 F.3d 1175, 1189 n.11 (11th Cir. 1999) ("To the extent the district court suggested that it would exclude evidence of discrimination that preceded the 1995 act at issue — the only act occurring within the limitations period — we believe that the district court erred."); *Ledbetter v. Goodyear Tire & Rubber Co.*, 421 F.3d 1169, 1179 (11th Cir. 2005) ("Pre-limitations acts can be used, where relevant, 'as background evidence in support of the timely claim', but they cannot themselves form the basis for liability."), affirmed, 127 S.Ct. 2162 (2007)  (quoting *Morgan*, 536 U.S. at 113); *Downey v. So. Nat. Gas Co.*, 649 F.2d 302, 305 (5th Cir.1981); *Adkins v. Christie*, 488 F.3d 1324, 1330-1331 (11th Cir. 2007) (permitting discovery for seven year period); *EEOC v. Roadway Exp., Inc.*, 261 F. 3d 634, 642 (6th Cir. 2001) (observing that courts allow both pre-limitations period and post-Charge discovery for the purpose of "providing the context that is necessary to evaluate whether discrimination occurred"); *Williams v. City of Dothan, Alabama*, 745 F.2d 1406, 1415 (11th Cir. 1984) ("discriminatory intent could be established through such evidentiary factors as . . ., a history of discriminatory official actions . . . ."); *Jordan v. Wilson*, 649 F.Supp. 1038, 1046 (M.D. Ala. 1986) ("Evidence of prior acts 'may constitute relevant background evidence in a proceeding in which the status of a current practice is at issue,'") (emphasis in original);  *Henley v. England*, 2007 WL 2565976, *4 n. 2 (N.D. Fla. 2007)

10

("Although the plaintiff may not recover for unexhausted claims, such claims may nonetheless be relevant background evidence to help establish discriminatory or retaliatory intent.") (emphasis in original); *Elston v. Talladega County Bd. of Educ.*, 997 F.2d 1394, 1406 (11th Cir.1993) (holding that discriminatory intent may be established by, among other things, a history of discriminatory official actions); *Ammons v. Dade City*, 783 F.2d 982, 988 (11th Cir.1986) (per curiam) (noting that district court "correctly relied upon a large body of constitutional jurisprudence which recognizes that the historical context of a challenged activity may constitute relevant evidence of intentional discrimination"); *Dowdell v. City of Apopka*, 698 F.2d 1181, 1186 (11th Cir.1983) (recognizing that historical pattern of decision-making was relevant to district court's finding of discriminatory intent); *Jones v. Forrest City Grocery, Inc.*, 2007 WL 841676, *1 (E.D. Ark. 2007) ("The majority of courts have held that going back five years before the first violation occurred is reasonable.") (footnote omitted); *Azimi v . United Parcel Service, Inc.*, 2007 WL 2010937, *4 (D. Kan. 2007) (same). Indeed, all "actions having foreseeable and anticipated disparate impact are relevant evidence to prove the ultimate fact, forbidden purpose." *Columbus Bd. of Educ. v. Penick*, 443 U.S. 449, 464 (1979)

Moreover, when a plaintiff brings class claims alleging disparate impact, the requirement of producing statistical evidence necessitates a broad enough temporal

11

scope of discovery to allow for the establishment of statistical significance.  As the Eleventh Circuit has recognized, "[t]he statistical significance of standard deviation analysis depends, of course, upon the size of the sample utilized."  *Peightal v. Metropolitan Dade County*, 26 F. 3d 1545 (11th Cir. 1994).  "A small sample will support a finding of adverse impact, however, 'if a lower selection rate continued over a period of time, so as to constitute a pattern.'" *Sims v. Montgomery County Com'n*, 873 F. Supp. 585, 602 (M.D. Ala. 1994) (quoting 29 C.F.R. § 1607.4 (D)). "Where the user's evidence concerning the impact of a selection procedure indicates adverse impact but is based upon numbers which are too small to be reliable, evidence concerning the impact of the procedure over a longer period of time and/or evidence concerning the impact which the selection procedure had when used in the same manner in similar circumstances elsewhere may be considered in determining adverse impact." 29 C.F.R. § 1607.4(D).  See also *Sweat*, 708 F. 2d at 658 (reversing district court's denial of plaintiff's motion to compel disclosure of EEO-1 forms for past seven years and noting the relevance of statistical information); *Walker v. Jefferson County Home*, 726 F.2d 1554, 1557 (11th Cir.1984) ("In a disparate impact case, the court clearly may consider evidence of prior discriminatory acts if such evidence is relevant to show independently actionable conduct occurring within the statutory period"); *Pleasants v. Allbaugh*, 208 F.R.D. 7, 9 (D.D.C. 2002) ("In a case

involving class-wide discrimination, responsible statistical analysis has to be based on enough data to make that analysis meaningful. Understandably, in such cases, courts permit discovery of data over an extensive period of time."); *Jackson v. Harvard*, 111 F.R.D. 472, 475 (D. Mass. 1986) ("A time frame which merely brackets the contested employment action would foreclose plaintiff from elucidating past practices or identifying a pattern").

In addition, Plaintiff is entitled to discovery up to and including the present. Courts have consistently held that "discovery of information both before and after the liability period within a Title VII lawsuit may be relevant and/or reasonably calculated to lead to the discovery of admissible evidence and courts commonly extend the scope of discovery to a reasonable number of years both prior to and following such period." *Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 649, 655 & n. 29 (D. Kan.2004) (emphasis added). Defendant's conduct after the filing of a lawsuit is relevant and satisfies the requirement of is Rule 26 that the information sought be "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). See *Bridell v. Saint Gobain Abbrasives, Inc.*, 233 F.R.D. 57, 60 (D. Mass. 2005); *Lightsey v. Potter*, 2006 WL 2938715, *3 (N.D. Ga. 2006) ("Case law permits a party to discover information after the alleged act of discrimination."); *Garrett v. Sprint PCS*, 2002 WL 181364, *2 (D. Kan. 2002) (". .

13

. discovery of information both before and after the liability period may be relevant . . . and courts commonly extend the scope of discovery to a reasonable number of years both prior to and following such period.")

Here, Plaintiff brings his case not merely in his individual capacity on a theory of disparate treatment, but seeks to assert class-wide claims of disparate impact under Title VII. Defendant argues that evidence beyond the limitations period is "immaterial," but the above cases show that such evidence is in fact admissible evidence or at the very least is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). To prove his disparate impact claims, especially, Plaintiff must have access to adequate information; by insisting that nothing beyond "the time frame which merely brackets the contested employment action" is relevant, Defendant in effect seeks to win the case on the merits by denying Plaintiff access to a large enough sample to prove his claims. *Jackson*, 111 F.R.D. at 475. As shown by the above cases, Defendant's arguments must be rejected as contrary to the broad policy of discovery embodied in Rule 26.

B.    The Four Year Statute of Limitations of 28 U.S.C. Section 1658 Applies to Plaintiff's Claims

Moreover, contrary to Defendant's position, the temporal scope of Plaintiff's discovery requests is additionally justified because the four-year statute of limitations

14

of 28 U.S.C. § 1658 applies to Plaintiff's 42 U.S.C. § 1981 claims; though it is difficult to resolve this issue at such an early stage, it seems likely from the small amount of discovery provided by Defendant that the Operations Manager position to which Defendant failed to promote Plaintiff would have represented an incremental and natural progression in Mr. Johnson's career (absent discrimination) rather than the "new and distinct relation" necessary to invoke § 1981 protection prior to the 1991 Amendments to Section 1981. The four year statute of limitations of 28 U.S.C. § 1658 applies to all federal causes of action created after 1990. *Jones v. RR Donnelly & Sons Co.*, 541 U.S. 369 (2004).

Section 1981 lacks a statute of limitations. In 1990, Congress passed 28 U.S.C. § 1658, which provides that "[e]xcept as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues." In *Jones*, the Supreme Court held that "a cause of action 'aris[es] under an Act of Congress enacted' after December 1, 1990—and therefore is governed by § 1658's 4-year statute of limitations—if the plaintiff's claim against the defendant was made possible by a post-1990 enactment." 541 U.S. at 382. Specifically addressing § 1981 race discrimination claims, the Supreme Court held that § 1658's 4-year statute of limitations applied if the claim would not have been cognizable prior to the 1991

Amendments to Title VII and Section 1981. *Id.* The Supreme Court reasoned that such claims "'ar[ose] under' the 1991 Act in the sense that petitioners' causes of action were made possible by that Act," and that they therefore were governed by the four year statute of limitations embodied in 28 U.S.C. § 1658. *Id.* at 383.

The crucial question for determining the statute of limitations for a Section 1981 claim is thus whether the plaintiff's "causes of action "ar[ose] under" the 1991 Act or under § 1981 as originally enacted." *Jones*, 541 US at 372-373. Prior to the 1991 amendments, a failure to promote claim was cognizable only if the denied promotion would have constituted a "new and distinct relation" between the plaintiff and the defendant. *Patterson v. McLean Credit Union,* 491 US 164, 185 (1989). The four-year statute of limitations thus applies for any Section 1981 failure to promote claim where the position in question would <u>not</u> have constituted a "new and distinct relationship" between the plaintiff and the defendant and thus would not have been cognizable under *Patterson* prior to the enactment of the 1991 amendments.[2] *See Jones*, 541 U.S. at 383.

Mr. Johnson has brought such a claim; however, it is difficult for Plaintiff to

---

[2]In 1991, "Congress responded to Patterson by adding a new subsection to § 1981 that defines the term "`make and enforce contracts'" to include the "termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U. S. C. § 1981(b)." Jones, 541 US at 373.

marshal the evidence at this early stage to prove that the four-year statute applies, given Defendant's failure to provide discovery.  Mr. Johnson was already a salaried employee occupying the position of Project Consultant when he sought promotion, and his salary at that time was $62,793; the salary of Mr. Netherton, the person ultimately selected, was $70,000 when he began the Operations Manager job.  (Ex. H, Salary Documents Sent by Defendant to EEOC).  Though that job would have been Mr. Johnson's first management position, it appears from the minimal information provided by Defendant that this job would have represented an incremental and natural progression in his career (absent race discrimination) rather than the "new and distinct relation" necessary to invoke § 1981 protection under *Patterson*.  See *Wall v. Trust Co. of Georgia*, 946 F.2d 805, 807 (11th Cir. 1991) (holding under law prior to 1991 amendments that a "new and distinct relation" was <u>not</u> created where the positions in question were separated by a single grade, are both nonexempt salaried jobs, provide identical benefits and compensation, and are covered by the same policies and procedures); *Johnson v. Uncle Ben's*, 965 F.2d 1363, 1371 (5th Cir.1992): "Where a routine promotion involves the attainment of supervisory status, that alone does not create a new and distinct employment relationship"; *McKnight v. General Motors Corp.*, 908 F.2d 104, 110 (7th Cir.1990): "It would be very odd to regard each rung on the career ladder as a different

17

employment relation." Hence, as in *Wall*, *Johnson*, and *McKnight*, Plaintiff's promotion claim would not have been cognizable prior to the 1991 amendments, as far as is possible to determine from the information provided by Defendant, entitling him to the four-year statute of limitations of Section 1658. At such an early stage of the case, Plaintiff should be entitled to the full requested temporal scope discovery, given the likelihood that the four year statute of limitations applies to his claims.

Given the above arguments, Court should not resolve the statute of limitations issue in the context of a motion to compel discovery, before Plaintiff has had the opportunity to receive discovery on this issue; doing so would allow Defendant effectively to defeat substantial liability by withholding the documents Plaintiff needs to prove all aspects of his case, including the statute of limitations issue. Instead, the Court should permit discovery for the entire requested temporal span in accordance with the liberal discovery policies of the federal rules and in accordance with the numerous cases cited above, which establish that even if a two year statute of limitations applies, acts outside the statutory period are nonetheless relevant and discoverable in a case alleging race discrimination.

Moreover, the fact that Plaintiff may proceed under a disparate impact theory for his Title VII claims, but must prove intent under Section 1981, does not affect his entitlement to the requested discovery; statistical evidence remains relevant and

18

admissible in a disparate treatment case. *See Sweat v. Miller Brewing Co.*, 708 F. 2d 655 (11th Cir. 1983) ("Statistical information concerning an employer's general policy and practice concerning minority employment may be relevant to a showing of pretext, even in a case alleging an individual instance of discrimination rather than a 'pattern and practice' of discrimination"); *Maddow v. Procter & Gamble Co., Inc.*, 107 F. 3d 846, 852 (11th Cir. 1997) ("The statistical evidence plaintiffs offered is sufficient for a reasonable person to infer discrimination based on age and that the reasons given were pretextual"); *Teamsters*, 431 U.S. at 339, 97 S.Ct. 1843; *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 805, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Anderson v. Douglas & Lomason Co.*, 26 F.3d 1277, 1285 (5th Cir.1994).

Given the above, Plaintiff is entitled to the entire requested period of discovery, from January 1, 2005 up to the present.

## VI.   Other Threshold Issues

In addition to limiting the temporal scope of its response, Defendant has generally limited its responses to information concerning "lower level" management positions. This limitation is inappropriate, as Plaintiff brings class claims in this case and seeks to certify a class which "consists of current, former, and future African-American employees of the Defendant who have been subjected to one or more aspects of the systemic race discrimination" including "Defendant's selection

19

and compensation policies, practices, and procedures for **higher level and better paying management, professional, and technical jobs** and its unequal terms and conditions of employment related to these jobs." (Doc. 16 at 4-5, emphasis added). Plaintiff has already voluntarily limited his discovery requests to "management" positions in an effort to reach agreement with Defendant without involving the Court. Defendant's restriction of its responses to lower level or entry level positions would prevent Plaintiff from obtaining the evidence necessary to establish the rule 23 requirements or prosecute the merits of his class claims. Given Defendant's undue restriction of its responses, Plaintiff is left with no choice but to file this motion to compel.

## VII.  Documents Produced by Defendant

To date, Defendant has produced only 409 pages of documents in this case. Documents with Bates numbers 1-115 were produced pursuant to Defendant's initial disclosures, and include Plaintiff's application for employment, Defendant's personnel handbook and internal recruiting policy, and a number of emails and documents concerning Plaintiff's individual claims. Most of these documents were previously provided to the EEOC. Bates numbers 116-261 constitute the remainder of the plaintiff's personnel file, most of which was also provided to the EEOC. Bates numbers 262-267 include Charges of Discrimination filed by Tanashe M. Kincaid

against Defendant in 2006; Bates numbers 268-272 are the charge of discrimination filed by the plaintiff in this case. Again, these documents were contained in Plaintiff's EEOC file. Bates numbers 273 through 281 include an upper level organizational chart, a document relating to Jack Henry's participation in a diversity school job search journal, an ad placed in that journal, and documents entitled "Staffing Process," and "New Employee Checklist for Managers." Bates Numbers 282 through 286 are EEO-1 forms from 2006 through 2010. The remainder of Defendant's produced documents, Bates Numbers 287 through 409, are written job descriptions of various positions.

## VIII.  Interrogatories and Requests for Production at Issue

*1.     Provide a copy of all computerized data bases, electronic files, or any other mechanical sources which the Defendant maintains, or has maintained, from January 1, 2005 to the present, and from which "personnel information," as defined in these Requests, can be obtained.*

Defendant has refused to provide a response, objecting that the requested information is "immaterial" to Plaintiff's claims. This objection is without basis, as "personnel information" as defined in Plaintiff's discovery requests is clearly relevant to Plaintiff's claims and defenses, given that Plaintiff must identify comparators and/or compile statistical evidence.

Defendant has provided no facts to support its objection. Moreover, Defendant

has failed to comply with the requirement of Federal Rule of Civil Procedure 34(b)(2)(D) that it state the form in which it intends to produce the responsive databases or files. The Report of Parties' Planning Meeting, to the extent it applies to this request, states that "Requested electronically stored data [and] payroll data will be produced, where economically and otherwise feasible, in a searchable electronic format, such as excel, or some other mutually agreed upon format." (Doc. 26).

*3. For each individual identified in response to Interrogatory # 1 of Plaintiff's First Interrogatories, provide a copy of their personnel and payroll records reflecting the "personnel information" and "vacancy information," as defined hereinabove. [If any of this information is in electronic form such as an internet posting or a response to an internet posting, please print that out and provide it in electronic form. Similarly, if the information requested or some of it is available in machine readable and/or computer retrievable discs, tapes, or documents of the defendant presently or previously stored on its computer system, peripheral tapes, or any other storage devises, the information is also requested in that form. This request includes paper applications, on-line applications, on-line submissions, resumes, and all other relevant documents.]*

*4.For each individual identified in response to Interrogatory # 2 of Plaintiff's First Interrogatories, provide a copy of their personnel and payroll records reflecting the "personnel information" and "vacancy information," as defined hereinabove. [If any of this information is in electronic form such as an internet posting or a response to an internet posting, please print that out and provide it in electronic form. Similarly, if the information requested or some of it is available in machine readable and/or computer retrievable discs, tapes, or documents of the defendant presently or previously stored on its computer system, peripheral tapes, or any other storage devises, the information is also requested in that form. This request includes paper applications, on-line applications, on-line submissions, resumes, and all other relevant documents.]*

Defendant has stated that it "is producing copies of requisition documents it

has concerning employees identified in Interrogatory No. 2." (Ex. B at 7). Defendant has also pledged to "produce copies of requisition documents it has concerning employees who were selected for lower level management positions." (Exhibit B at 5). Defendant's limitation of its pledged response to "requisition documents" is inappropriate, as plaintiff is entitled to all of the requested personnel and payroll records reflecting the 'personnel information' and 'vacancy information' as defined hereinabove."[3] (See Exhibit A at 3-4).

Moreover, in the two and a half months since Defendant pledged these documents, Defendant has produced no additional documents, nor has Defendant given Plaintiff any indication of when it plans to produce them.

Defendant's limitation of its response to "lower level" management positions is inappropriate. Furthermore, as discussed above, Defendant's limitation of the temporal scope of its response is unwarranted, given that the statute of limitations on

---

[3]It is well established that Plaintiff is entitled to the personnel files of successful candidates and/or potential comparators. See *Barfoot v. Boeing Co,* 184 F.R.D. 642, 644 (N.D. Ala. 1999) ("Only by reviewing these records, in the exclusive possession of the defendant, can the plaintiff make a determination that either his claims are meritless and should be dismissed, or that they are supported by defendant's records.") As stated in *Soto v. Genentech, Inc.,* 2008 WL 4621832 (S.D. Fla.) ". . .[c]omparative information is necessary to afford plaintiff a fair opportunity to develop her case and may be relevant to establish the pretextual nature of defendant's conduct," Flanagan v. Travelers Ins. Co., 111 F.R.D. 42 (W.D.N.Y. 1986) citing, *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.CT. 1817, 36 L.Ed. 2d 668 (1973); *Rich v. Martin Marietta Corp.* , 522 F.2D 333 (10th Cir. 1975); *Coughlin v. Lee*, 946 F.2d 1152,1159 (5th Cir. 1991)("In Title VII litigation, in which the plaintiffs are similarly required to demonstrate pretext, courts have customarily allowed a wide discovery of personnel files.")

his § 1981 claim is four years.  In addition, information relating to acts outside of the limitations period may be relevant to plaintiff's claims, as discussed in the cases cited above.

Defendant has stated that complying with this request would be unduly burdensome, but Defendant has provided no facts supporting this objection. Defendant has not stated the number or identity of the decisionmakers for the identified positions, nor whether Defendant would be required to personally "consult" with each decisionmaker, or whether Defendant has documents in its possession and/or control from which responsive information may be gleaned.

The Report of Parties' Planning Meeting, to the extent it applies to this request, states that "Requested electronically stored data [and] payroll data will be produced, where economically and otherwise feasible, in a searchable electronic format, such as excel, or some other mutually agreed upon format." (Doc. 26).

*5.     For each Management Job identified in response to Interrogatory # 5 of Plaintiff's First Interrogatories, provide the "vacancy information," as defined hereinabove. (If any persons listed in this response are not identified in response to Interrogatory numbers 1 & 2, of Plaintiff's First Interrogatories, state their name and race.)*

Defendant has stated that it "is producing the job postings and job descriptions it has relating to lower level management positions it has relating to lower level management positions that were available between July 15, 2007 and October 9,

24

2009." (Exhibit D at 9). However, to date Defendant has produced only job descriptions. Defendant has not produced any of the job postings it has pledged. Moreover, Plaintiff is entitled to the full range of "vacancy information" specified in the request.

Defendant's limitation of its response to "lower level" management positions is inappropriate. Plaintiff is entitled to information relevant to his class claims.

Furthermore, as discussed above, Defendant's limitation of the temporal scope of its response is unwarranted, given that the statute of limitations on his § 1981 claim is four years. In addition, information relating to acts outside of the limitations period may be relevant to plaintiff's claims, as discussed in the cases cited above.

Defendant has stated that complying with this request would be unduly burdensome, but Defendant has provided no facts supporting this objection. Defendant has not stated the number or identity of the decisionmakers for the identified positions, nor whether Defendant would be required to personally "consult" with each decisionmaker, or whether Defendant has documents in its possession and/or control from which responsive information may be gleaned.

The Report of Parties' Planning Meeting, to the extent it applies to this request, states that "Requested electronically stored data [and] payroll data will be produced, where economically and otherwise feasible, in a searchable electronic format, such

as excel, or some other mutually agreed upon format." (Doc. 26).

*6.      For each complaint of race discrimination made against the Defendant from January 1, 2005 to the present, including complaints made orally, internally in writing, administratively through the Equal Employment Opportunity Commission (EEOC), the Office of Federal Contract Compliance Programs(OFCCP) or any other state or federal agency, or filed as a complaint in Court, provide all documentation regarding such complaint.*

Defendant has indicated that it will produce "EEOC charges... alleging race discrimination in promotions from 2005 to the present."   (Exhibit D at 9-10). Defendant's limitation of the scope of its responses to EEOC charges of racial discrimination in promotions is unwarranted.  Plaintiff is entitled to discovery relating to all complaints of race discrimination of any kind, including "complaints made orally, internally in writing, administratively through the Equal Employment Opportunity Commission (EEOC), the Office of Federal Contract Compliance Programs(OFCCP) or any other state or federal agency."

In addition, Defendant has limited its proposed (inadequate) response to "charges of discrimination" but has not produced any documentation other than the original "charge" filed with the relevant state and/or federal agency by the charging party.   The scope of Plaintiff's request encompasses any and all documents "regarding" complaints of race discrimination of any kind, including "complaints made orally, internally in writing, administratively through the Equal Employment

Opportunity Commission (EEOC), the Office of Federal Contract Compliance Programs(OFCCP) or any other state or federal agency.  This includes all documents provided to or received from an investigative agency such as the EEOC and/or the California Department of Fair Employment and Housing or other state or federal agencies.

8.    *Provide a copy of all policies, directives, e-mails, responses to e-mails, correspondence, responses to correspondence, notes, minutes, or any other documentation, by whatever name known, (including any other recorded or electronic items) from January 1, 2005 to the present that relate to the posting and filling of Management Job, the minimum qualifications for each such Management Job, and any preferential qualifications for each such Management Job.*

Defendant has indicated that it will produce "copies of requisition documents it has pertaining to applicants who applied for entry (or "lower") level management positions (as designated in Exhibit A to plaintiff's Interrogatories) that were available between July 15, 2007 and October 9, 2009."  (Exhibit D at 11).  However, to date Defendant has not produced these documents, nor has defense counsel stated when it intends to do so.  Moreover, defendant's limitation of the scope of this request is unwarranted; Plaintiff seeks "all policies, directives, e-mails, responses to e-mails, correspondence, responses to correspondence, notes, minutes, or any other documentation."

In addition, Defendant's limitation of its response to "lower level" management

27

positions is inappropriate.  Plaintiff is entitled to information relevant to his class claims.

Furthermore, as discussed above, Defendant's limitation of the temporal scope of its response is unwarranted, given that the statute of limitations on his § 1981 claim is four years.  In addition, information relating to acts outside of the limitations period may be relevant to plaintiff's claims, as discussed in the cases cited above.

Defendant has limited its pledged response to "requisition documents," but Plaintiff's request also seeks "emails, responses to e-mails, correspondence, responses to correspondence, notes, minutes, or any other documentation by whatever name known."  Plaintiff is entitled to a fully responsive production of documents.

12.    *Provide a copy of any job descriptions or other documentation utilized by the Defendant since January 1, 2005, by whatever name known, reflecting the descriptions of the duties, abilities, responsibilities, skills, efforts, knowledge, personal characteristics, education, training, prior experiences, certifications, "required" characteristics or criteria, and  "needed or helpful, but not required" characteristics or criteria for each Management Job of the Defendant.*

Defendant's limitation of its response to "lower level" management positions is inappropriate.  Plaintiff is entitled to information relevant to his class claims.

Furthermore, as discussed above, Defendant's limitation of the temporal scope of its response is unwarranted, given that the statute of limitations on his § 1981 claim is four years.  In addition, information relating to acts outside of the limitations

period may be relevant to plaintiff's claims, as discussed in the cases cited above.

## INTERROGATORIES

*1.     State the name and race of each individual who was selected for a Management Job of the Defendant, as defined hereinabove, from January 1, 2005 to the present.*

*2.     State the name and race of each individual who was considered, but not selected, for a Management Job of the Defendant, as defined hereinabove, from January 1, 2005 to the present.*

Defendant has indicated that it will "provide a list reflecting the names and race of those individuals selected for a lower level management position (as designated in Exhibit A to plaintiff's interrogatories) that was available between July 15, 2007 and October 9, 2009." (Exhibit E at 3). In addition, Defendant has pledged to "provide a list reflecting the names and race of those individuals who applied or were considered for a lower level management position (as designated in Exhibit A to plaintiff's interrogatories) that was available between July 15, 2007 and October 9, 2009." (Exhibit E at 4). However, Defendant to date has not provided the requested information; nor has defense counsel indicated when it intends to provide the pledged information and documents.

Defendant's limitation of its response to "lower level" management positions is inappropriate. This request is not overbroad, as Plaintiff is entitled to information relevant to his class claims. Furthermore, as discussed above, Defendant's limitation

29

of the temporal scope of its response is unwarranted, given that the statute of limitations on his § 1981 claim is four years.  In addition, information relating to acts outside of the limitations period may be relevant to plaintiff's claims, as discussed in the cases cited above.

*3.    For each individual identified in response to Interrogatory # 1 above, state the date said individual was selected for the Management Job and the reason(s) for the selection of said  individual for said Job instead of the Class Plaintiff or any other African-American applicant considered for said Job.*

Defendant has stated that it "is providing a list reflecting the date that the individuals were selected for a lower level management position (as designated in Exhibit A to plaintiff's Interrogatories) that was available between July 15, 2007 and October 9, 2009."  (Exhibit E at 5).  However, Defendant to date has not provided the requested information; nor has counsel stated when it intends to provide the requested information and documents.

Moreover, Plaintiff has requested that Defendant state the reason each individual was selected.  Defendant has stated that complying with this request would be unduly burdensome, but Defendant has provided no facts supporting this objection.

Defendant's limitation of its response to "lower level" management positions is inappropriate.  This request is not overbroad, as Plaintiff is entitled to information

30

relevant to his class claims. Furthermore, as discussed above, Defendant's limitation of the temporal scope of its response is unwarranted, given that the statute of limitations on his § 1981 claim is four years. In addition, information relating to acts outside of the limitations period may be relevant to plaintiff's claims, as discussed in the cases cited above.

*4.      For each individual identified in response to Interrogatory # 2 above, state the date said individual was considered for the Management Job and the reason(s) for selecting the individual(s) identified in Response to Interrogatory #1 instead of such individual.*

Defendant has referred Plaintiff to "requisition documents," but these documents have not been produced. (Exhibit E at 6). Moreover, Plaintiff has requested that Defendant sate the reason each Defendant has stated that complying with this request would be unduly burdensome, but Defendant has provided no facts supporting this objection.

Defendant's limitation of its response to "lower level" management positions is inappropriate. This request is not overbroad, as Plaintiff is entitled to information relevant to his class claims. Furthermore, as discussed above, Defendant's limitation of the temporal scope of its response is unwarranted, given that the statute of limitations on his § 1981 claim is four years. In addition, information relating to acts outside of the limitations period may be relevant to plaintiff's claims, as discussed in

31

the cases cited above.

*5.      State the name of each Management Job that was posted for bid and filled by the Defendant, by facility location, from January 1, 2005 to the present.*

*6.      State the name of each Management Job that was not posted for bid by the Defendant, by facility location, from January 1, 2005 to the present, and the reason(s) why such Job was not posted for bid.*

Defendant has indicated that it will produce "a list reflecting the lower level management positions... that were available between July 15, 2007 and October 9, 2009, the location of these jobs, and whether they were posted."  (Ex. E at 7, 8). However, Defendant to date has not provided the requested information; nor has counsel stated when it intends to provide the pledged information and documents.

Defendant's limitation of its response to "lower level" management positions is completely inappropriate.  This request is not overbroad, as Plaintiff is entitled to information relevant to his class claims.  In addition, Plaintiff has asked Defendant to state the reason each unposted job was not posted; Defendant has refused to provide this information.

Furthermore, as discussed above, Defendant's limitation of the temporal scope of its response is unwarranted, given that the statute of limitations on his § 1981 claim is four years.  In addition, information relating to acts outside of the limitations period may be relevant to plaintiff's claims, as discussed in the cases cited above.

32

For each job that was not posted, Plaintiff has additionally requested that Defendant provide the reason(s) why such Job was not posted for bid.

**WHEREFORE, PREMISES CONSIDERED,** the plaintiff respectfully requests this Honorable Court grant his motion and enter an Order requiring the defendant to produce the requested documents and answer interrogatories within ten (10) days from the entry of the Court's Order.

Respectfully Submitted,

s/ L. William Smith
Jon C. Goldfarb ASB-5401-F58J
Daniel E. Arciniegas ASB-7809-D67A
L. William Smith ASB-8660-A61S
Counsel for Plaintiff

**OF COUNSEL:**
Wiggins, Childs, Quinn & Pantazis LLC
301 19th St. N.
Birmingham, AL 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

33

# CERTIFICATE OF SERVICE

I hereby certify that on this the 25$^h$ day of February, 2011, I have filed the foregoing, which will be served on the following counsel of record via the CM/ECF system:

David T. Wiley
Mieke A. Hemstreet
JACKSON LEWIS LLP
First Commercial Bank Building
800 Shades Creek Parkway, Suite 870
Birmingham, Alabama 35209
Telephone: (205) 332-3104/3115
Facsimile No.: (205) 332-3131

s/ L. William Smith
Counsel of Record
