FILED

2011 Feb-25  PM 04:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT
# D

## IN THE UNITED STATES DISTRICT COURT FOR THE NORHTERN DISTRICT OF ALABAMA SOUTHERN DIVISION

KEVIN JOHNSON,               )
                             )
    Plaintiff,               )
                             )
v.                           )    Case Number:  CV-09-JEO-2023-S
                             )
JACK HENRY & ASSOCIATES,     )
INC.,                        )
                             )
    Defendant.               )

## RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT

Defendant Jack Henry & Associates, Inc. ("Defendant") will submit responses to Plaintiff's discovery, but will do so without waiving the following objections:

## GENERAL OBJECTIONS

A.    Defendant will respond to the Plaintiff's Requests for Production subject to objections.  To the extent defendant will not respond as requested by plaintiff, the defendant objects to those questions/requests on the grounds that they are overly broad, unduly burdensome, vague and ambiguous, harassing, immaterial, irrelevant, invade the privacy of other employees, and/or not reasonably calculated to lead to the discovery of admissible evidence.

B.     Further, defendant objects to the Requests for Production to the extent they seek attorney work product and/or information protected by the attorney work product or the attorney-client privilege.  Defendant reserves the right to assert any and all privileges available under the Federal Rules of Civil Procedure.

C.     Defendant objects to producing any document within the scope of plaintiff's discovery request to the extent that any such document does not exist or is not within the custody or control of the defendant.

## REQUEST FOR PRODUCTION OF DOCUMENTS

Request 1:    Provide a copy of all computerized data bases, electronic files, or any other mechanical sources which the Defendant maintains, or has maintained, from January 1, 2005 to the present, and from which "personnel information," as defined in these Requests, can be obtained.

**Response:**  Defendant objects to this request as overbroad, unduly burdensome and as seeking materials not relevant to any claim or defense in this lawsuit.  Specifically, copies of defendant's entire databases, electronic files and other mechanical sources maintained from 2005 to the present that contain "personnel information" of any each and every employee is overbroad as it seeks information pertaining to _all_ employees and former employees.  Such a broad range of information is immaterial to plaintiff's promotion claims to a low-level management position.  Moreover, this request seeks information beyond the

2

relevant time period, which as explained in defendant's response to Interrogatory No. 1, is from July 15, 2007 to October 9, 2009. In addition, defendant objects to this request to the extent it seeks items that contain confidential and personal information concerning defendant's current and former employees and invades their reasonable expectation of privacy. Defendant also objects to this request to the extent it violates the parties' prior agreement as set forth in the parties' Report of Parties' Planning Meeting (doc. 26) stating that documents such as e-mails, personnel files, and other documents would be produced where economically and otherwise feasible in a searchable PDF format.

Request 2: Provide a copy of all documents and other sources of information which are necessary or useful in order to interpret all coded fields within each data base, electronic files, and/or computerized information of the defendant provided in response to Request #1 above. A "coded field" contains an abbreviated entry representing other information that cannot be used or understood without a key to the translation or meaning of the entry.

Response: Defendant objects to this request on grounds that it is vague, ambiguous, and unduly burdensome as defendant cannot reasonably be expected ascertain what the plaintiff deems "necessary and useful" in interpreting "coded fields" within each data base, electronic file or other computerized information. Subject to and without waiving these and other objections, defendant would be

3

willing to respond to specific questions (subject to any appropriate objections) regarding abbreviations and/or codes referenced in any documents it is producing to the plaintiff.

Request 3:   For each individual identified in response to Interrogatory #1 of Plaintiff's First Interrogatories, provide a copy of their personnel and payroll records reflecting the "personnel information" and "vacancy information," as defined hereinabove. [If any of this information is in electronic form such as an internet posting or a response to an internet posting, please print that out and provide it in electronic form.  Similarly, if the information requested or some of it is available in machine readable and/or computer retrievable discs, tapes, or documents of the defendant presently or previously stored on its computer system, peripheral tapes, or any other storage devises, the information is also requested in that form.  This request includes paper applications, on-line applications, on-line submissions, resumes, and all other relevant documents.]

**Response:**   Defendant objects to this request as overbroad and as seeking information not relevant to any claim or defense in this lawsuit.  Specifically, this request seeks information concerning employees who were promoted and/or hired to job levels or classifications beyond those sought by plaintiff during his employment and which form the basis of his claims.  In addition, it requests information outside of the July 15, 2007 to October 9, 2009 time frame, which (as

4

explained in defendant's response to Interrogatory No. 1) is immaterial to plaintiff's claims. Further, defendant objects to this request because it is unduly burdensome and would require defendant to gather "personnel information" from every decision maker for *every* individual that was selected for *any* management level position that became available between 2005 to the present. Moreover, the request for "personnel information" (which, as defined by plaintiff, includes but is not limited to, social security numbers, disciplines, counselings, termination information, etc.), seeks confidential and personal information of defendant's former and current employees not a party to this lawsuit and therefore unreasonably invades their expectation of privacy. Defendant further objects to the extent that certain "personnel information," as defined by plaintiff, is unavailable or unknown to the defendant with respect to those individuals identified in response to Interrogatory No. 1. Defendant also objects to this request to the extent it violates the parties' prior agreement as set forth in the parties' Report of Parties' Planning Meeting (doc. 26) stating that documents such as e-mails, personnel files, and other documents would be produced where economically and otherwise feasible in a searchable PDF format. Subject to and without waiving these and other objections, defendant will produce copies of requisition documents it has concerning employees who were selected for a lower-level management

5

positions.   At most, the lower level management positions available during the July 15, 2007 to October 9, 2009 time period are all that are potentially relevant.

Request 4:   For each individual identified in response to Interrogatory #2 of Plaintiff's First Interrogatories, provide a copy of their personnel and payroll records reflecting the "personnel information" and "vacancy information," as defined hereinabove. [If any of this information is in electronic form such as an internet posting or a response to an internet posting, please print that out and provide it in electronic form. Similarly, if the information requested or some of it is available in machine readable and/or computer retrievable discs, tapes, or documents of the defendant presently or previously stored on its computer system, peripheral tapes, or any other storage devises, the information is also requested in that form. This request includes paper applications, on-line applications, on-line submissions, resumes, and all other relevant documents.]

**Response:**  Defendant objects to this request as overbroad and as seeking information not relevant to any claim or defense in this lawsuit.  Specifically, this request seeks information concerning employees and/or applicants who applied for management positions beyond those sought by plaintiff during his employment and which form the basis of his claims.  Additionally, it requests information outside of the July 15, 2007 to October 9, 2009 time frame, which (as explained in response to Interrogatory No. 1) is immaterial to plaintiff's claims.  Further, defendant

6

objects to this request because it is unduly burdensome and would require defendant to gather "personnel information" from every decision maker for *every* employee and applicant that ever applied or was considered for *any* management level position that became available between 2005 and the present. Moreover, the request for "personnel information" (which, as defined by plaintiff, includes but is not limited to, social security numbers, disciplines, counselings, termination information, etc.), seeks confidential and personal information pertaining to defendant's current and former employees not a party to this lawsuit, and therefore unreasonably invades their expectation of privacy. Defendant also objects to the extent that certain "personnel information," as defined by plaintiff, is unavailable or unknown to the defendant with respect to those individuals identified in response to Interrogatory No. 2. Defendant further objects to this request to the extent it violates the parties' prior agreement as set forth in the parties' Report of Parties' Planning Meeting (doc. 26) stating that documents such as e-mails, personnel files, and other documents would be produced where economically and otherwise feasible in a searchable PDF format. Subject to and without waiving these and other objections, defendant is producing copies of requisition documents it has concerning employees identified in Interrogatory No. 2. At most, the lower level management positions available during the July 15, 2007 to October 9, 2009

time period are all that are potentially relevant.    Defendant is also producing a copy of the plaintiff's personnel records.

Request 5:  For each Management Job identified in response to Interrogatory #5 of Plaintiff's First Interrogatories, provide the "vacancy information," as defined hereinabove.  (If any persons listed in this response are not identified in response to Interrogatory numbers 1 & 2, of Plaintiff's First Interrogatories, state their name and race.)

**Response:**    Defendant objects to this request on the grounds it is overbroad and seeks information not relevant to any claim or defense in this lawsuit because: (1) it requests information concerning information related to management jobs or job classifications beyond those sought by plaintiff during his employment and which form the basis of his claims and (2) requests information regarding management positions outside of the July 15, 2007 to October 9, 2009 time frame, which (as explained in response to Interrogatory No. 1) is immaterial to plaintiff's claims.    Defendant further objects to this request on the grounds that the term "vacancy information," as defined by plaintiff, is unduly burdensome as it would require defendant to consult with each decision maker for each and every candidate selected for any management position that became available between 2005 and the present.  Moreover, defendant objects to this definition to the extent that "vacancy information" (as defined by plaintiff) is not known by defendant and duplicative of

8

information requested in plaintiff's interrogatories.  Subject to and without waiving these and any other objections, defendant is producing the job postings and job descriptions it has relating to lower-level management positions that were available between July 15, 2007 and October 9, 2009.  At most, the lower level management positions available during this time period are all that are potentially relevant. Defendant also refers the plaintiff to the lists referenced in its Interrogatory responses.

Request 6:  For each complaint of race discrimination made against the Defendant from January 1, 2005 to the present, including complaints made orally, internally in writing, administratively through the Equal Employment Opportunity Commission (EEOC), the Office of Federal Contract Compliance Programs (OFCCP) or any other state or federal agency, or filed as a complaint in Court, provide all documentation regarding such complaint.

**Response:**  Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are immaterial and irrelevant to plaintiff's claims.  Specifically, the request is not limited to race discrimination with respect to promotions or to a reasonable time period. Without waiving the foregoing, the defendant states that it is producing EEOC charges filed by Patricia Montiel and Tanashe Kincaid, which are the only EEOC charges (other than the plaintiff's, which defendant is also producing) alleging race discrimination

9

in promotions from 2005 to the present. The defendant is not aware of any internal complaints of race discrimination in promotions (other than from the plaintiff) from 2005 to the present.

Request 7: Provide documentation reflecting the organizational structure and/or hierarchy of the Defendant from January 1, 2005 to the present, including any organizational charts of the Defendant showing the identity of each person and job title in each organizational unit of the Defendant.

**Response:** Defendant objects to this request on the grounds that is overbroad and seeks information not relevant to any claim or defense in this lawsuit. Specifically, it requests information regarding JHA's company structure outside of the July 15, 2007 to October 9, 2009 time frame, which (as explained in Response No. 1 above) is immaterial to plaintiff's claims. However, without waiving these or any other objections, defendant is producing a copy of its current corporate organizational chart. Defendant also refers the plaintiff to documents Bates Nos. 99 to 107, which also contain organizational charts. These are the only organizational charts the defendant is aware of at this time.

Request 8: Provide a copy of all policies, directives, e-mails, responses to e-mails, correspondence, responses to correspondence, notes, minutes, or any other documentation, by whatever name known, (including any other recorded or electronic items) from January 1, 2005 to the present that relate to the posting and

10

filling of Management Jobs, the minimum qualifications for each such Management Job, and any preferential qualifications for each such Management Job.

**Response:** Defendant objects to this request as overbroad and as seeking information not relevant to any claim or defense in this lawsuit. First, the statute of limitations for plaintiff's Title VII claims is 180 days prior to the filing of his EEOC charge (*i.e.* July 15, 2007). Furthermore, because plaintiff's claims relate to promotions constituting a new contractual relationship, the statute of limitations for his Section 1981 claims is two (2) years prior to the filing of his judicial complaint on October 9, 2009. Consequently, any information sought outside of the July 15, 2007 to the October 9, 2009 time frame is immaterial to plaintiff's claims. In addition, this request is overbroad because it seeks information concerning promotions to job levels or classifications beyond those sought by plaintiff during his employment and which form the basis of his claims. Accordingly, subject to and without waiving these or any other objections, defendant will produce copies of requisition documents it has pertaining to applicants who applied for entry (or "lower") level management positions (as designated in Exhibit A to plaintiff's Interrogatories) that were available between July 15, 2007 and October 9, 2009. Defendant will also produce the job descriptions for lower-level management positions that were available between July 15, 2007 and October 9, 2009. At most,

11

the lower level management positions available during this time period are all that are potentially relevant.

Request 9: Provide a copy of all policies, directives, e-mails, responses to e-mails, correspondence, responses to correspondence, notes, minutes, or any other documentation, by whatever name known, (including any other recorded or electronic items) from January 1, 2005 to the present that reflect any affirmative acts on the part of the Defendant to increase the number of African Americans holding Management Jobs.

**Response:** Without waiving the foregoing General objections defendant is producing documents including a copy of JHA's advertisement that appeared in both the Northern Diversity Schools/Job Search Journal and the Southern Diversity Schools/Job Search Journal which are distributed to Career Placement Centers at historically African-American colleges as well as a list of those colleges.

Request 10: Provide a copy of any documents of the Defendant, by whatever name known reflecting any policies, procedures, practices, rules, regulations, standards and/or guidelines which have been in effect since January 1, 2005 governing the employer-employee and/or applicant-employee relationship of Defendant. This request would include, but not limited to, such things as Policy and Procedures Manual(s), Employee Handbook(s), selection procedures or guidelines for Management Jobs, performance evaluation procedures or guidelines,

12

compensation rules and guidelines, training procedures, guidelines about the rights of employees to move between departments, hiring and promotion procedures and guidelines, discipline and termination rules and guidelines, and discrimination policies.

**Response:** Defendant objects to this request on the grounds that is overbroad and seeks information not relevant to any claim or defense in this lawsuit. Specifically, it requests information regarding JHA's policies outside of the July 15, 2007 to October 9, 2009 time frame, which (as explained in Response No. 1 above) is immaterial to plaintiff's claims. Subject to and without waiving these or any other objections, defendant refers the plaintiff to a copy of its handbook (Bates Nos. 7 to 83) and its Internal Recruiting Policy (Bates Nos. 84 to 87). Additionally, defendant is producing a copy of documents relating to its Staffing Process.

Request 11: Provide a copy of any documentation reflecting and/or relating to each criterion, policy, practice, or procedure utilized by the Defendant since January 1, 2005 in the selecting of individuals for its Management Jobs, including all documents used to develop or validate selection procedures for Management Jobs.

**Response:** Defendant objects to this request on the grounds that is overbroad and seeks information not relevant to any claim or defense in this

13

lawsuit. Specifically, it requests information regarding JHA's policies outside of the July 15, 2007 to October 9, 2009 time frame, which (as explained in Response No. 1 above) is immaterial to plaintiff's claims. Subject to and without waiving these or any other objections, defendant refers the plaintiff to a copy of its handbook (Bates Nos. 7 to 83) and its Internal Recruiting Policy (Bates Nos. 84 to 87). Additionally, defendant is producing a copy of documents relating to its Staffing Process.

Request 12: Provide a copy of any job descriptions or other documentation utilized by the Defendant since January 1, 2005, by whatever name known, reflecting the descriptions of the duties, abilities, responsibilities, skills, efforts, knowledge, personal characteristics, education, training, prior experiences, certifications, "required" characteristics or criteria, and "needed or helpful, but not required" characteristics or criteria for each Management Job of the Defendant.

**Response:** Defendant objects to this request on the grounds it is overbroad and seeks information not relevant to any claim or defense in this lawsuit because: (1) it requests information concerning information related to management jobs or job classifications beyond those sought by plaintiff during his employment and which form the basis of his claims and (2) requests information regarding management positions outside of the July 15, 2007 to October 9, 2009 time frame, which (as explained in response to Interrogatory No. 1) is immaterial to plaintiff's

14

claims. Accordingly, subject to and without waiving these or any other objections, defendant will produce copies of job descriptions for lower-level management positions that were available between July 15, 2007 and October 9, 2009. At most, the lower level management positions available during this time period are all that are potentially relevant.

Request 13: Provide a copy of all EEO-1s, or similar, reports and any other documents, by whatever name known, which show the distribution of employees of the Defendant by race, job class, pay grade, or any other pertinent format from January 1, 2005, to the present.

**Response:** Defendant objects to this request on the grounds that the term "other documents" is vague and ambiguous. Defendant further objects to this request as being overly broad, not properly limited in time or scope, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these or any other objections, defendant is producing its EEO-1 reports for 2006 through 2010.

Request 14: Provide a copy of all Affirmative Action Plans and/or Affirmative Action Reports of the Defendant, along with all documents relating to the operation and use of such Plans or Reports by the Defendant from January 1, 2005, to the present.

**Response:** Defendant objects to this request on the grounds that it is overbroad with respect to time and to the extent it is assumes defendant is subject to Executive Order 11246. Subject to and without waiving these or any other objections, defendant states that it is not subject to Executive Order 11246 and therefore has no responsive documents.

Request 15: Provide a copy of all documentation sent to the EEOC in response to the Plaintiff's EEOC Charge, including personnel files, EEO-1s, policies, procedures and any other documents, by whatever name known.

**Response:** Defendant objects to this request on the grounds that this information is available to plaintiff through a FOIA request. Additionally, defendant objects on the grounds that requiring the defendant to produce this information (which is voluminous) when it is already accessible to the plaintiff is unduly burdensome. Accordingly, subject to and without waiving these or any other objections, defendant will make these documents available to plaintiff for review at defense counsel's office at a mutually agreeable time.

Request 16: Provide a copy of any documents reflecting any affirmative acts that Defendant has taken to comply with Executive Order 11246 in selecting individuals for Management Jobs and any documents relating in any way to compliance with Executive Order 11246.

16

**Response:** Defendant objects to this request on the grounds that it is overbroad with respect to time and seeks information pertaining to management jobs beyond those sought by plaintiff (i.e. lower level management) during his employment and which form the basis of his claims. In addition, defendant objects to this request on the basis that it assumes the defendant is subject to Executive Order 11246. Subject to and without waiving these or any other objections, defendant states that it is not subject to Executive Order 11246 and therefore has no responsive documents.

Request 17: Provide a copy of any documents that have been maintained by the Defendant since January 1, 2005 in accordance with the requirements of the Uniform Guidelines on Employee Selection Procedures.

**Response:** Defendant objects to this request on the grounds that it is overbroad with respect to time and to the extent is assumes that defendant is a Federal contractor or that or is required to follow the referenced guidelines. Subject to and without waiving these or any other objections, defendant states that it does not have any responsive documents.

Request 18: Provide a copy of all "workforce analyses" and all documents used to compile such analyses form January 1, 2005, to the present.

**Response:** Defendant objects to this request on the grounds that it is overbroad with respect to time and to the extent it is assumes defendant is subject

17

to Executive Order 11246. Subject to and without waiving these or any other objections, defendant states that it is not subject to Executive Order 11246 and therefore has no responsive documents.

Request 19: Provide a copy of all "utilization analyses" and all documents used to compile such analyses from January 1, 2005, to the present.

**Response:** Defendant objects to this request on the grounds that it is overbroad with respect to time and to the extent it is assumes defendant is subject to Executive Order 11246. Subject to and without waiving these or any other objections, defendant states that it is not subject to Executive Order 11246 and therefore has no responsive documents.

Request 20: Provide a copy of any records maintained by the Defendant since January 1, 2005 in accordance with Executive Order 11246.

**Response:** Defendant objects to this request on the grounds that it is overbroad with respect to time and to the extent it is assumes defendant is subject to Executive Order 11246. Subject to and without waiving these or any other objections, defendant states that it is not subject to Executive Order 11246 and therefore has no responsive documents.

Request 21: Provide a copy of all written policies, practices, procedures, guidelines, and any other written documents, by whatever name known, reflecting all affirmative acts that the Defendant has taken to comply with OFCCP rules,

18

regulations and/or guidelines regarding the Defendant's employment practices and policies.

**Response:**   Defendant objects to this request on the grounds that it is overbroad with respect to time and to the extent it is assumes defendant is subject to Executive Order 11246.   Subject to and without waiving these or any other objections, defendant states that it is not subject to Executive Order 11246 and therefore has no responsive documents.

Request 22: For each individual identified in response to Interrogatory #7 of Plaintiff's First Interrogatories, provide a copy of the statement, recording, affidavit, and/or declaration of said individual.

**Response:**   Defendant objects to this request to the extent that it seeks information protected by the attorney-client privilege and attorney work-product doctrine.   Without waiving the foregoing objections, defendant has no responsive documents.

Request 23: For each test, examination, or assessment center process identified in response to Interrogatory #11 of Plaintiff's First Interrogatories, provide a copy of each such validation study.

**Response:** Defendant does not have any responsive documents.

Request 24: For each agency identified in response to Interrogatory #14 of Plaintiff's First Interrogatories, provide a copy of the audit documents, including

any records or statements produced during the course of each such audit, the findings and results of each such audit, any penalties imposed, and any disagreement, formal or otherwise, lodged by Defendant with any findings or conclusions resulting from each such audit.

**Response:** Defendant was not subject to any audits and therefore does not have any responsive documents.

Request 25: For each statistical analysis identified in response to Interrogatory #15 of Plaintiff's First Interrogatories, provide a copy of the results of such analysis along with all supporting data and documents upon which each analysis is based, the factual proof of discrimination *vel non* you contend is demonstrated by the statistical analysis, the source of such statistical analysis, and all facts and the identity of all documents that support your answer.

**Response:** Defendant objects to this request to the extent it seeks documents subject to the attorney-client privilege or work-product doctrine. Without waiving the foregoing objections, defendant has no responsive documents at this time.

David T. Wiley
wileyd@jacksonlewis.com
Mieke A. Hemstreet
hemstrem@jacksonlewis.com

20

**JACKSON LEWIS LLP**
First Commercial Bank Building
800 Shades Creek Parkway, Ste. 870
Birmingham, Alabama 35209
Ph:     (205) 332-3104/3115
Fax:   (205) 332-3131

COUNSEL FOR DEFENDANT
JACK HENRY & ASSOCIATES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 1ᵗʰ day of December, 2010, I served a copy of the foregoing document via U.S. Mail, postage prepaid and properly addressed upon the following counsel of record:

Jon C. Goldfarb, Esq.
WIGGINS, CHILDS, QUINN & PANTAZIS
The Kress Building
301 19ᵗʰ Street North
Birmingham, AL  35203

_____
OF COUNSEL

21