FILED
2011 Feb-25  PM 04:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT
# E

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

KEVIN JOHNSON,              )
                                   )
     Plaintiff,               )
                                   )
v.                             )     Case Number:  CV-09-JEO-2023-S
                                   )
JACK HENRY & ASSOCIATES,    )
INC.,                      )
                                   )
     Defendant.            )

## RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES

Defendant Jack Henry & Associates, Inc. ("Defendant") will submit responses to Plaintiff's discovery, but will do so without waiving the following objections:

## GENERAL OBJECTIONS

A.    Defendant will respond to the Plaintiff's Interrogatories subject to objections. To the extent Defendant will not respond as requested by Plaintiff, the defendant objects to those questions/requests on the grounds that they are overly broad, unduly burdensome, vague and ambiguous, harassing, immaterial, irrelevant, invade the privacy of other employees, and/or not reasonably calculated to lead to the discovery of admissible evidence.

B.    Further, Defendant objects to the Interrogatories to the extent they seek attorney work product and/or information protected by the attorney work product or the attorney-client privilege.  Defendant reserves the right to assert any and all privileges available under the Federal Rules of Civil Procedure.

C.    Defendant objects to producing any document within the scope of Plaintiff's discovery request to the extent that any such document does not exist or is not within the custody or control of the defendant.

## INTERROGATORIES

Interrogatory 1:    State the name and race of each individual who was selected for a Management Job of the Defendant, as defined hereinabove, from January 1, 2005 to the present.

**Response:**  Defendant objects to this request as overbroad and as seeking information not relevant to any claim or defense in this lawsuit.  First, the statute of limitations for plaintiff's Title VII claims is 180 days prior to the filing of his EEOC charge (*i.e.* July 15, 2007).  Furthermore, because plaintiff's claims relate to promotions constituting a new contractual relationship, the statute of limitations for his Section 1981 claims is two (2) years prior to the filing of his judicial complaint on October 9, 2009.  Consequently, any information sought outside of the July 15, 2007 to the October 9, 2009 time frame is immaterial to plaintiff's claims.  In addition, this request is overbroad because it seeks information concerning

2

promotions to job levels or classifications beyond those sought by plaintiff during his employment and which form the basis of his claims. Accordingly, subject to and without waiving these or any other objections, defendant will provide a list reflecting the names and race of those individuals selected for a lower level management position (as designated in Exhibit A to plaintiff's Interrogatories) that was available between July 15, 2007 and October 9, 2009, as at the most, these lower level management positions available during this time frame are all that are potentially relevant to plaintiff's claims.

Interrogatory 2:    State the name and race of each individual who was considered, but not selected, for a Management Job of the Defendant as defined hereinabove, from January 1, 2005 to the present.

**Response:** Defendant objects to this request as overbroad and as seeking information not relevant to any claim or defense in this lawsuit. First, the statute of limitations for plaintiff's Title VII claims is 180 days prior to the filing of his EEOC charge (*i.e.* July 15, 2007). Furthermore, because plaintiff's claims relate to promotions constituting a new contractual relationship, the statute of limitations for his Section 1981 claims is two (2) years prior to the filing of his judicial complaint on October 9, 2009. Consequently, any information sought outside of the July 15, 2007 to the October 9, 2009 time frame is immaterial to plaintiff's claims. In addition, this request is overbroad because it seeks

3

information concerning promotions to job levels or classifications beyond those sought by plaintiff during his employment and which form the basis of his claims. Accordingly, subject to and without waiving these or any other objections, defendant will provide a list reflecting the names and race of those individuals (to the extent known) who applied or were considered for a lower level management position (as designated in Exhibit A to plaintiff's Interrogatories) that was available between July 15, 2007 and October 9, 2009. At the most, these lower level management positions available during this time frame are all that are potentially relevant to plaintiff's claims.

Interrogatory 3:  For each individual identified in response to Interrogatory No. 1 above, state the date said individual was selected for the Management Job and the reason(s) for the selection of said individual for said Job instead of the Class Plaintiff or any other African-American applicant considered for said job.

**Response:**  Defendant objects to this request as overbroad and as seeking information not relevant to any claim or defense in this lawsuit. First, the statute of limitations for plaintiff's Title VII claims is 180 days prior to the filing of his EEOC charge (*i.e.* July 15, 2007). Furthermore, because plaintiff's claims relate to promotions constituting a new contractual relationship, the statute of limitations for his Section 1981 claims is two (2) years prior to the filing of his

4

judicial complaint on October 9, 2009. Consequently, any information sought outside of the July 15, 2007 to the October 9, 2009 time frame is immaterial to plaintiff's claims. In addition, this request is overbroad because it seeks information concerning promotions to job levels or classifications beyond those sought by plaintiff during his employment and which form the basis of his claims. Moreover, defendant objects on the grounds that this request is unduly burdensome. The selection decisions were made by different decision makers and therefore to obtain the requested information the defendant would be required consult with each decision maker about each applicant for each promotion. Accordingly, subject to and without waiving these or any other objections, defendant is providing a list reflecting the date that the individuals were selected for a lower level management position (as designated in Exhibit A to plaintiff's Interrogatories) that was available between July 15, 2007 and October 9, 2009. At the most, these lower level management positions available during this time frame are all that are potentially relevant to plaintiff's claims. Defendant also refers the plaintiff to the requisition documents it is producing, which reflect each candidate's application history.

Interrogatory 4: For each individual identified in response to Interrogatory No. 2 above, state the date said individual was considered for the

Management Job and the reason(s) for the selecting the individual(s) indentified in Response to Interrogatory No. 1 instead of such individual.

**Response:** Defendant objects to this request as overbroad and as seeking information not relevant to any claim or defense in this lawsuit. First, the statute of limitations for plaintiff's Title VII claims is 180 days prior to the filing of his EEOC charge (*i.e.* July 15, 2007). Furthermore, because plaintiff's claims relate to promotions constituting a new contractual relationship, the statute of limitations for his Section 1981 claims is two (2) years prior to the filing of his judicial complaint on October 9, 2009. Consequently, any information sought outside of the July 15, 2007 to the October 9, 2009 time frame is immaterial to plaintiff's claims. In addition, this request is overbroad because it seeks information concerning promotions to job levels or classifications beyond those sought by plaintiff during his employment and which form the basis of his claims. Moreover, defendant objects on the grounds that this request is unduly burdensome. The selection decisions were made by different decision makers and therefore to obtain the requested information the defendant would be required consult with each decision maker about each candidate for each promotion. Accordingly, subject to and without waiving these or any other objections, defendant refers the plaintiff to the requisition documents (which reflect each candidate's application history) it is producing related to lower level management positions available between July 15,

6

2007 and October 9, 2009 as at the most, these positions are all that are potentially relevant.

Interrogatory 5:    State the name of each Management Job that was posted for bid and filled by the defendant, by facility locations from January 1, 2005 to the present.

**Response:**  Defendant objects to this request as overbroad and as seeking information not relevant to any claim or defense in this lawsuit.  First, the statute of limitations for plaintiff's Title VII claims is 180 days prior to the filing of his EEOC charge (*i.e.* July 15, 2007).  Furthermore, because plaintiff's claims relate to promotions constituting a new contractual relationship, the statute of limitations for his Section 1981 claims is two (2) years prior to the filing of his judicial complaint on October 9, 2009.  Consequently, any information sought outside of the July 15, 2007 to the October 9, 2009 time frame is immaterial to plaintiff's claims.  In addition, this request is overbroad because it seeks information concerning promotions to job levels or classifications beyond those sought by plaintiff during his employment and which form the basis of his claims. Accordingly, subject to and without waiving these or any other objections, defendant is producing a list reflecting the lower level management positions (as designated in Exhibit A to plaintiff's Interrogatories) that were available between July 15, 2007 and October 9, 2009, the location of these jobs, and whether they were posted.  At the most,

7

those positions listed as lower level management jobs during this timeframe are all that are relevant.

Interrogatory 6:    State the name of each Management Job that was not posted for bid by the Defendant, by facility location, from January 1, 2005 to the present.

**Response:**    Defendant objects to this request as overbroad and as seeking information not relevant to any claim or defense in this lawsuit.  First, the statute of limitations for plaintiff's Title VII claims is 180 days prior to the filing of his EEOC charge (*i.e.* July 15, 2007).  Furthermore, because plaintiff's claims relate to promotions constituting a new contractual relationship, the statute of limitations for his Section 1981 claims is two (2) years prior to the filing of his judicial complaint on October 9, 2009.  Consequently, any information sought outside of the July 15, 2007 to the October 9, 2009 time frame is immaterial to plaintiff's claims.  In addition, this request is overbroad because it seeks information concerning promotions to job levels or classifications beyond those sought by plaintiff during his employment and which form the basis of his claims. Accordingly, subject to and without waiving these or any other objections, defendant will provide the lower level management positions (as designated in Exhibit A to plaintiff's Interrogatories) that were available between July 15, 2007 and October 9, 2009, the location of these jobs and whether they were posted.    At the most, those positions

8

listed as lower level management jobs during this timeframe are all that are relevant.

Interrogatory 7:    State the name of each person who you know or believe to have given a statement related to the facts/subject matter of this lawsuit.

**Response:** Defendant objects to this request to the extent that it seeks information protected by the attorney-client privilege and work-product doctrine and to the extent the term "statement" is vague and ambiguous.  Subject to and without waiving these or any other objections, defendant is not aware of anyone who has provided a formal statement pertaining to plaintiff's lawsuit against defendant.

Interrogatory 8:    List all computerized data bases, electronic files or other mechanical sources which Defendant maintains or has maintained from January 1, 2005 to the present, and from which "personnel information" as defined in these interrogatories, can be obtained for employees and applicants of the Defendant.

**Response:** Defendant objects to this request on the grounds that it is unduly burdensome, not properly limited in time or scope, immaterial, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these or any other objections, defendant states that it uses PeopleSoft software which contains personnel information and HRsmart software for its requisition process.

9

Interrogatory 9:   State the name of each state, local and/or federal regulatory and administrative agency to whom Defendant sends reports regarding the racial composition of its work force and any other related personnel data.

**Response:** Without waiving the foregoing General Objections, the defendant states that it submits annual EEO-1 reports.

Interrogatory 10:   Identify any test, examination or assessment center process that has been utilized/administered by Defendant, or its agent(s), for selecting individuals for a Management Job from January 1, 2005 to the present.

**Response:**   Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous,  not properly limited in time or scope (for the reasons set forth in response to Interrogatory No. 1 above), unduly burdensome, immaterial, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these or any other objections, defendant has not administered any test, examination, or assessment center process in selecting applicants for management positions from 2005 to the present.

Interrogatory 11:   For each test, examination or assessment center process identified in response to Interrogatory No. 10 above, state whether each such test, examination or assessment center process has been validated pursuant to the Uniform Guidelines On Employee Selection Procedures, the identity of the person

who performed the validation studies, and the "business necessity" requiring the use of such test, examination or assessment center process.

**Response:** Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous, not properly limited in time or scope (for the same reasons set forth in response to Interrogatory No. 1 above), unduly burdensome, immaterial, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these or any other objections, defendant has not administered any test, examination, or assessment center process in selecting applicants for management positions from 2005 to the present and therefore does not have any information responsive to this request.

Interrogatory 12: State each and every affirmative act taken by Defendant from January 1, 2005 to the present to comply with the requirements of Executive Order 11246 in the selection of individuals for a Management Job, including the identity of the individual(s) responsible for ensuring Defendant's compliance with Executive Order 11246.

**Response:** Defendant states that it is not subject to Executive Order 11246 and therefore does not have any information responsive to this request. However, defendant states that in effort to increase its diversity it has advertised in both the Northern Diversity Schools/Job Search Journal and the Southern Diversity Schools/Job Search Journal which are distributed to Career Placement Centers at

11

historically African-American colleges. Additionally, it has sent information regarding employment opportunities at Jack Henry directly to other historically African-American Colleges.

**Interrogatory 13:** State each and every affirmative act taken by Defendant from January 1, 2005 to the present to comply with any rules, regulations, and/or guidelines issued by the OFCCP, relating to the Defendant's employment practices and policies.

**Response:** Defendant states that it is not subject to Executive Order 11246 and therefore does not have any information responsive to this request.

**Interrogatory 14:** State the name of each local, federal and/or federal agency which has audited the Defendant regarding race discrimination in selection decisions from January 1, 2005 to the present, the date of each audit and the findings of the Agency regarding the audit.

**Response:** Defendant states that is has not been subject to any audits by any state, local or federal agency from January 1, 2005 to the present regarding race discrimination in its selections procedures.

**Interrogatory 15:** If it is Defendant's contention that there is a statistical analyses that has been done which demonstrates in any way that there has been no discrimination by the Defendant in its selection decisions for Management Jobs, identify each statistical analyses on which you rely to support such contention.

12

**Response:**    Defendant objects to this Interrogatory on the grounds that it is not properly limited in time or scope (for the same reasons set forth in response to Interrogatory No. 1 above).  Defendant further objects to this request to the extent that it seeks information subject to the attorney-client privilege and attorney work-product doctrine.  Subject to and without waiving these and other objections, defendant, as of this date, is not aware of any formal statistical analysis conducted related to defendant's selection decisions for its management level positions.

David T. Wiley
wileyd@jacksonlewis.com
Mieke A. Hemstreet
hemstrem@jacksonlewis.com
**JACKSON LEWIS LLP**
First Commercial Bank Building
800 Shades Creek Parkway, Ste. 870
Birmingham, Alabama 35209
Ph:    (205) 332-3104/3115
Fax:    (205) 332-3131

COUNSEL FOR DEFENDANT
JACK HENRY & ASSOCIATES, INC.

13

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of December, 2010, I served a copy of the foregoing document via U.S. Mail, postage prepaid and properly addressed upon the following counsel of record:

Jon C. Goldfarb, Esq.
WIGGINS, CHILDS, QUINN & PANTAZIS
The Kress Building
301 19th Street North
Birmingham, AL  35203

OF COUNSEL

14